Slip Op. 11-67

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| PAPIERFABRIK AUGUST KOEHLER AG and KOEHLER AMERICA,INC., <br><br>            Plaintiffs, <br><br>     – and – <br><br>MITSUBISHI INTERNATIONAL CORPORATION, MITSUBISHI HiTECH PAPER FLENSBURG GmbH, and MITSUBISHI HiTECH PAPER BIELEFELD GmbH, <br><br>            Plaintiff-Intervenors, <br><br>            v. <br><br>UNITED STATES and the UNITED STATES INTERNATIONAL TRADE COMMISSION, <br><br>            Defendants, <br><br>     – and – <br><br>APPLETON PAPERS INC., <br><br>            Defendant-Intervenor. | Before: Pogue, Chief Judge <br><br> Court No. 08-00430 |

ORDER FOR REMAND

This remand order follows the Court of Appeals for the Federal Circuit's opinion in Papierfabrik August Koehler AG v. United States, No. 2010-1147, 2011 WL 96814 (Fed. Cir. Jan. 11, 2011) (per curiam) ("Koehler II"), reh'g and reh'g en banc denied, __ F.3d __, 2011 WL 1898188 (Fed. Cir. May 19, 2011) (per curiam).  In Koehler II, the Court of Appeals vacated and remanded this court's previous determinations in Papierfabrik

August Koehler AG v. United States, __ CIT __, 675 F. Supp. 2d 1172 (2009) ("Koehler I").

In Koehler I, this court affirmed the United States International Trade Commission's (the "Commission") final results, with respect to subject imports from Germany, in Certain Lightweight Thermal Paper from China and Germany, 73 Fed. Reg. 70,367 (ITC Nov. 20, 2008) (final determinations). Koehler I, __ CIT at __, 675 F. Supp. 2d at 1191-92.  The court held, *inter alia*, that the Commission did not err by denying Plaintiff Papierfabrik August Koehler AG's ("Koehler") request to exclude certain of Koehler's subject merchandise from the Commission's threat of material injury determination. Id. at 1183-86.

In Koehler II, the Court of Appeals concluded that the Commission erred, in considering Koehler's request, by categorically refusing to examine any "intermediate" dumping margins found for Koehler's subject merchandise that were not published in the Federal Register. Koehler II, 2011 WL 96814 at *2-4.  Specifically, the Court of Appeals held that the Commission erred by interpreting the scope of its legal authority to foreclose the examination of such data. See id. at *3-4 (citing 19 U.S.C. § 1673d(c)(1)(A)[1]; Algoma Steel Corp. v. United

---

[1] 19 U.S.C. § 1673d(c)(1)(A) ("[Commerce] shall make available to the Commission all information upon which

States, 865 F.2d 240 (Fed. Cir. 1989)[2]). Contrary to the Commission's explanation, the Court of Appeals concluded that the Commission is legally authorized to consider any information underlying Commerce's dumping determination that the Commission deems relevant to its investigation, and that Commerce is legally obligated to make such information available to the Commission. Id. (citing 19 U.S.C. § 1673d(c)(1)(A)). The Court of Appeals accordingly vacated this Court's judgment, and remanded with instructions to remand this case to the Commission for reconsideration. Id. at *4.

Therefore, in accordance with the Court of Appeals for the Federal Circuit's decision in Koehler II, it is hereby:

ORDERED that the International Trade Commission's determination, in Certain Lightweight Thermal Paper from China and Germany, 73 Fed. Reg. 70,367 (ITC Nov. 20, 2008) (final determinations), regarding the threat of material injury from subject merchandise from Germany, is remanded to the Commission for action consistent with the decision in Koehler II; and it is further

---

[Commerce's dumping] determination was based and which the Commission considers relevant to its determination . . . .").

[2] Koehler II, 2011 WL 96814 at *4 ("Algoma specifically allows for consideration of raw data in computer print outs 'by reasons specific to the particular case . . . .'" (quoting Algoma, 865 F.2d at 242)).

Court No. 08-00430                                                    Page 4

    ORDERED that, on remand, the Commission shall revise its final determination with regard to the threat of material injury from subject merchandise from Germany, in accordance with the decision in <u>Koehler II</u>.  The Commission shall specifically explain how its decision to deny Koehler's request to exclude a subset of Koehler's subject merchandise from the Commission's threat of material injury determination complies with the Court of Appeals' interpretation of 19 U.S.C. § 1673d(c)(1)(A) and the decision in <u>Algoma Steel Corp. v. United States</u>, 865 F.2d 240 (Fed. Cir. 1989); and it is further

    ORDERED that the Commission shall file its remand results, and serve the parties with same, by August 16, 2011.  All parties may file and serve responses thereto by September 15, 2011.  All parties may file and serve a reply to any response by September 30, 2011.

                                              <u>/s/ Donald C. Pogue</u>
                                        Donald C. Pogue, Chief Judge

Dated: June 15, 2011
       New York, N.Y.